**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAVIER VEGA (01),

        Defendant.

Case No. 13-40065-01-DDC

<u>**MEMORANDUM AND ORDER**</u>

    Defendant Javier Vega has filed a pro se[1] Motion to Reduce Sentence under the First Step

Act.  Doc. 452.  Mr. Vega asserts that his health presents an extraordinary and compelling reason

for his release due to the COVID-19 pandemic.  But, the court finds, none of Mr. Vega's

arguments present an extraordinary and compelling reason for compassionate release.  The court

thus denies Mr. Vega's motion.  The court explains this decision, below.

**I.      Background**

    On August 15, 2014, Mr. Vega entered a guilty plea (Doc. 155 (Petition to Enter Plea of

Guilty and Order Entering Plea)) to one count of conspiracy to distribute 500 or more grams of

methamphetamine violating 21 U.S.C. §§ 841(b)(1)(A), and 846.  Doc. 225 at 1 (Presentence

Investigation Report, "PSR").  On December 17, 2014, the court sentenced him to 216 months'

imprisonment and five years of supervised release.  Doc. 227 (J. in a Criminal Case).  His

projected good time release date is August 28, 2028.  *See* Javier Vega (Reg. No. 23231-031) (last

visited Nov. 21, 2022), https://www.bop.gov/inmateloc/.

---

[1]      People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]"
*Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th
Cir. 1991).

On February 10, 2022, Mr. Vega filed a Motion for Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A).  Doc. 448.  This court denied his motion on June 7, 2022, for failing to present extraordinary and compelling reasons to justify releasing him.  *See United States v. Vega*, Case No. 13-40065-01-DDC, 2022 WL 2046198, at *2–4.  (D. Kan. June 7, 2022).

About two months later, Mr. Vega filed a Motion to Reduce Sentence on August 18, 2022.  Doc. 452.  The government responded on September 6, 2022.  Doc. 454.  Mr. Vega submitted no reply.  And the time for filing a reply has expired.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Our Circuit has held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

---

[2]        Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

Separate from this exhaustion requirement, the court applies a three-step substantive analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—"extraordinary and compelling" reasons—as jurisdictional. *See Hald*, 8 F.4th at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not address this second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III.   Analysis

*First*, the court considers whether Mr. Vega has exhausted his administrative remedies. The government concedes that Mr. Vega has exhausted his administrative remedies through the BOP. Doc. 454 at 4–5. So, the court's analysis will move to the next step.

*Second*, the court must determine whether Mr. Vega presents "extraordinary and compelling" reasons for compassionate release.  Mr. Vega states that he has a number of medical conditions, including obesity, type II diabetes, a chronic infection in his lower left limb, high blood pressure, and high cholesterol.  Doc. 452 at 6.  Also, he states that he has already contracted COVID-19.  *Id.*  The government notes that Mr. Vega's medical records confirm he is receiving medical treatment for all his listed conditions.  Doc. 454 at 7–8.  But, the government argues, Mr. Vega's health conditions do not present extraordinary and compelling circumstances because the BOP is treating him for his conditions.  Doc. 454 at 8.  The court has no reason to believe that the government's assertion isn't true.  Further, Mr. Vega had applied for another compassionate release in February 2022, citing these same health concerns.  *See* Doc. 448.  This court denied Mr. Vega's first Motion for Compassionate Release based on these same factors and finds no reason to reverse its earlier judgment.  *See United States v. Vega*, Case No. 13-40065-01-DDC, 2022 WL 2046198, at *2–3 (D. Kan. June 7, 2022).

To be sure, the CDC recognizes that certain medical conditions—like type 2 diabetes and high blood pressure—can increase a person's risk for severe complications from COVID-19.  *See People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 22, 2022).  Mr. Vega doesn't argue that his medical conditions increase his risk of severe complications from COVID-19.  But even if he did, the government notes that Mr. Vega received his second dose of the Moderna vaccine against COVID-19 in February 2021.  Doc. 454 at 8.  Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'"  *United States v.*

4

*McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release").[3]

Finally, Mr. Vega's leg condition, while a bit unclear, also isn't extraordinary and compelling. The government contends that Mr. Vega is receiving appropriate care to address the open wound to his lower leg. Doc. 454 at 8. Mr. Vega didn't suggest in his motion that this treatment is inadequate. Thus, mindful of the Circuit's guidance, the court concludes that Mr. Vega's incarceration during the pandemic is not an extraordinary and compelling reason to reduce his sentence.

## A.    § 3553(a) factors

*Finally*, if Mr. Vega had presented extraordinary and compelling reasons for compassionate release, the court then would have to consider the sentencing factors in 18 U.S.C. § 3553(a). Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline

---

[3]     It appears that several district courts in our Circuit—including our court—have adhered to this recent direction from the Circuit. Following *McRae*, those courts have concluded that when a defendant has had access to the COVID-19 vaccine, incarceration during the pandemic doesn't suffice, on its own, as an extraordinary and compelling reason for a sentence reduction. *See United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 1223642, at *2–3 (D. Kan. Apr. 26, 2022); *United States v. Logan*, No. 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).

The court recognizes that Mr. Vega, since beginning his sentence, has earned a GED, completed an electrician apprenticeship, worked as an electrician at USP Victorville, completed many educational courses, and has no noted disciplinary history.  Doc. 452 at 21.  Mr. Vega also has a release plan, including a place to live, a planned job, and plans to marry his fiancée.  Doc. 452 at 8.  The court certainly commends Mr. Vega for his efforts and accomplishments.  They are notable and, the court hopes, help him establish a law-abiding lifestyle on release.  Mr. Vega also has provided several letters from family and friends vouching for his character.  The court has reviewed these letters thoroughly and recognizes Mr. Vega's positive influence on the lives of those closest to him.

But, the § 3553(a) sentencing factors haven't shifted enough to justify a sentence reduction.  Mr. Vega committed a serious felony offense.  He pleaded guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine.  Doc. 156 at 1.  The Presentence Report attributes 1.85963 kilograms of actual methamphetamine to Mr. Vega.  Doc. 225 at 7 (PSR ¶ 28).  Mr. Vega was an organizer and leader of the conspiracy to distribute.  *Id.* at 13 (PSR ¶ 66).  And, at the time he committed this drug offense, he had a criminal history score of 20, establishing a criminal history qualifying for the highest category recognized by the Guidelines—category VI.  *Id.* at 21 (PSR ¶¶ 92–94).  Indeed, if the categories continued above Category VI at the same rate, Mr. Vega would qualify as a Category VIII.  Notably, the Presentence Report recommended a guidelines range of 292 to 365 months' imprisonment.  *Id.* at 25 (PSR ¶ 128).  But the government and Mr. Vega bargained and agreed—and the court accepted—a binding Rule 11(c)(1)(C) agreement to a 216-month sentence.  *See* Doc. 227 at 2

(Judgment).  This sentence was significantly below the guidelines range.  Reducing that sentence by five more years, as Mr. Vega now requests, would fail to reflect the seriousness of his offense, and it would not promote respect for our laws.  Thus, despite Mr. Vega's commendable rehabilitative efforts, the § 3553(a) factors do not support early release.

## IV.     Conclusion

As explained above, the court denies Mr. Vega's motion for two independent reasons: (1) he does not present extraordinary and compelling reasons for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Vega's Motion to Reduce Sentence (Doc. 452) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of February, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**